# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>QUALTEQ, INC.,<br>d/b/a VCT NEW JERSEY, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-12572 (___) |
| In re:<br><br>1400 CENTRE CIRCLE, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-12573 (___) |
| In re:<br><br>5200 THATCHER, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-12574 (___) |
| In re:<br><br>5300 KATRINE, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-12575 (___) |
| In re:<br><br>AUTOMATED PRESORT, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-12576 (___) |
| In re:<br><br>AVADAMMA LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-12577 (___) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CREATIVE AUTOMATION COMPANY, | ) Case No. 11-12578 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CREATIVE INVESTMENTS,<br>A GENERAL PARTNERSHIP | ) Case No. 11-12579 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| FULFILLMENT XCELLENCE, INC., | ) Case No. 11-12580 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| GLOBAL CARD SERVICES, INC., | ) Case No. 11-12581 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| UNIQUE DATA SERVICES, INC., | ) Case No. 11-12582 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| UNIQUE EMBOSSING SERVICES, INC., | ) Case No. 11-12583 (___) |
| | ) |
| Debtor. | ) |
| | ) |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNIQUE MAILING SERVICES, INC., | ) | Case No. 11-12584 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UNIVERSITY SUBSCRIPTION SERVICE, INC., | ) | Case No. 11-12585 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VERSATILE CARD TECHNOLOGY, INC., | ) | Case No. 11-12586 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VELUCHAMY, LLC, | ) | Case No. 11-12587 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VMARK, INC., | ) | Case No. 11-12588 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES PURSUANT TO FED. R BANKR. P. 1015(B) AND LOCAL RULE 1015-1

The above-captioned debtors and debtors in possession (collectively, the "*Debtors*")

hereby move this Court (the "*Motion*"), by and through their proposed undersigned counsel, for

entry of an order granting joint administration of their respective chapter 11 cases pursuant to

3

Rule 1015(B) of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*) and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the *"Local Rules"*). In support of this Motion, the Debtors respectfully state as follows:[1]

## Jurisdiction

1.     This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the *"Bankruptcy Code"*), Rule 1015(b) of the Bankruptcy Rules, and Rule 1015-1 of the Local Rules.

## Background

3.     On the date hereof (the *"Petition Date"*), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the *"Chapter 11 Cases"*). The Debtors are functioning as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     Collectively, the Debtors operate one of the largest vertically-integrated direct marketing businesses in North America, providing a full range of direct marketing services to numerous Fortune 500 companies, major national banks, and other well-known customers. The Debtors offer their customers a broad array of services – including database management and

---

[1]     The facts and circumstances supporting this Motion are set forth in the *Declaration of Arun Veluchamy, Vice President of Qualteq, Inc., in Support of First Day Motions* (the *"First Day Declaration"*), filed contemporaneously herewith.

WM1A 1007879v1 08/14/11

customization, customized printing, mail sorting and shipping, and plastic card production and personalization – from multiple state-of-the-art facilities in Illinois, Iowa, and New Jersey.

5.      Although the Debtors' trade name of "Vmark" is relatively recent, the first of the Vmark companies – Creative Automation Company – was actually established in 1969. Almost all of the other Debtors were formed and grown by Vmark's founders since that time, although CAC and VCT-NJ were acquired as mature businesses in 1981 and 2003 respectively.

6.      Today, the Debtors operate from nine domestic facilities with over 1,000,000 square feet of production space. The Debtors' approximately 1,370 employees – none unionized – executed over six billion marketing messages for customers in the past year alone, making them one of the largest direct marketing solution providers in North America. The Vmark companies also collectively constitute one of the nation's largest privately-held, minority-owned businesses and one of the largest minority-certified suppliers in the United States – a certification that gives them a distinct advantage in marketing to major corporate clients.

7.      Although the Debtors have been historically profitable – generating a small operating profit on gross revenues of approximately $155 million in 2010 – in recent months the Debtors' businesses have been harmed by unrelated litigation and judgments against certain of the Debtors' shareholders. The Debtors' problems first arose in December of 2010 when Vasu and Jaganath Naidu (individual creditors of Debtor Vmark, Inc., who are owed approximately $1.23 million) and Rajiv Parthasarathy (an individual creditor of Debtor Versatile Card Technology, Inc. who is owed approximately $980,000) obtained judgments against Pethinaidu Veluchamy ("*Mr. Veluchamy*"), the Debtors' founder. Although unrelated to the Debtors, due to default provisions in certain of the Debtors' loan documents, millions of dollars in loans from numerous lenders – including BBH Financial Services (API), Key Equipment Finance (GCS),

5

Key Equipment Finance (VCT), Key Equipment Finance (UMS), TCF (VCT), TD Bank (VCT-NJ), Inland Bank (UMS), Pitney Bowes (UMS), Broadway Bank-MB Financial (Avadamma LLC), Harris Bank (Creative Investments), Skyland Bank (Veluchamy LLC), Western Springs National Bank (GCS), and Western Springs National Bank (API) – were suddenly in default. These defaults and associated cross-defaults (due to cross-default provisions in other loan facilities) have caused a ripple of effects, given that the Debtors collectively have at least 27 secured lenders (*see* chart in the First Day Declaration).

8.      Although the damage was already done when the Naidu judgments were entered, subsequent developments have only exacerbated these problems, as multiple other creditors have obtained multi-million dollar judgments against Mr. Veluchamy and/or his wife. Although once again wholly unrelated to the Debtors, the judgments have generated significant negative publicity. Accordingly, even beyond the numerous defaults under their lending facilities, the Debtors have been struggling to hold on to concerned customers, and competitors have been actively taking advantage of the Debtors' plight.

9.      Despite the cascade of defaults and negative publicity emanating from the judgments against Mr. and Mrs. Veluchamy, the Debtors have managed to maintain operations for several months. Unfortunately, however, the foregoing issues have resulted in serious concerns about the Debtors' continued ability to operate. This is particularly true given that the Debtors' businesses are seasonal, with the Debtors' greatest volumes of both sales of plastic cards (including retailer gift cards) and shipments of promotional materials arriving in the months leading up to the holidays. Right now, as the Debtors gear up for their busiest season, their cash needs (for example, to purchase raw materials and other inputs and to fund payroll and

6

other costs) are most acute. Any unexpected disruption in operations at this time would be devastating to the Debtors' ability to survive over the long term.

10.     The Debtors' concerns about their continued ability to operate during this critical part of the year have been heightened further by the fact that many customers have exhibited insecurity about the Debtors' stability in light of the litigation surrounding the Debtors' principals. This uncertainty has threatened key customer relationships, and competitors have been aggressively waging a negative campaign, suggesting to customers that the Debtors may be unable to service their orders during the critical holiday season. The Debtors vitally need stability and a way to assure customers that the high level of service they have always received from the Debtors will not be disrupted.

11.     In light of these circumstances, and to best exercise their fiduciary duties, the Debtors retained Dan Scouler and Scouler & Company as an independent Chief Restructuring Officer, and after a thorough review of their options, have initiated the instant bankruptcy proceeding to restructure their debts and maximize value. The Debtors determined that a proactive chapter 11 bankruptcy filing presented the best and most efficient forum for globally resolving their financial issues, restoring the confidence of customers and suppliers, and generally maximizing value for all stakeholders.

## Relief Requested

12.     In order to optimally and economically administer the Debtors' pending Chapter 11 Cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Qualteq, Inc. (Case No. 11-12572). Pursuant to Bankruptcy Rule 1015(b), "(i)f . . . two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b);

7

*see also* Local Rule 1015-1. The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

13.     Many of the motions, hearings, and orders that will arise in the Chapter 11 Cases will jointly affect each Debtor. By jointly administering the Chapter 11 Cases, the Debtors will be able to reduce fees and costs resulting from the administration of the Chapter 11 Cases and ease the onerous administrative burden of having to file multiple and duplicative documents.

14.     Further, the rights of the Debtors' respective creditors will not be adversely affected by the joint administration of the Chapter 11 Cases because this Motion requests only administrative, not substantive, consolidation of the estates. As a result of the relief requested herein, all of the Debtors' creditors will benefit from the reduced costs of such joint administration. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the United States Trustee will be simplified.

15.     Based on the foregoing, the joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their creditors and equity security holders, and all parties in interest. Accordingly, the Debtors request that the caption of the Chapter 11 Cases be modified to reflect the joint administration of such cases, as follows:

WM1A 1007879v1 08/14/11

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QUALTEQ, INC., | ) | Case No. 11-12572 (___) |
| d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |

16.    The Debtors also request that a docket entry be made in each of the above-captioned cases substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600), Case No. 11-12572 (___); 1400 Centre Circle, LLC, Case No. 11-12573 (___); 5200 Thatcher, LLC, Case No. 11-12574 (___); 5300 Katrine, LLC, Case No. 11-12575 (___); Automated Presort, Inc., Case No. 11-12576 (___); Avadamma LLC, Case No. 11-12577 (___); Creative Automation Company, Case No. 11-12578 (___); Creative Investments, a General Partnership, Case No. 11-12579 (___); Fulfillment Xcellence, Inc., Case No. 11-12580 (___); Global Card Services, Inc. Case No. 11-12581 (___); Unique Data Services, Inc., Case No. 11-12582 (___); Unique Embossing Services, Inc., Case No. 11-12583 (___); Unique Mailing Services, Inc. Case No. 11-12584 (___); University Subscription Service, Inc., Case No. 11-12585 (___); VCT, Inc., Case No. 11-12586 (___); Veluchamy LLC, Case No. 11-12587 (___); Vmark, Inc., Case No. 11-12588 (___). The docket in Case No. 11-12572 (___) should be consulted for all matters affecting the above listed cases.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:  (i) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (ii) 1400 Centre Circle, LLC (7091); (iii) 5200 Thatcher, LLC (6991); (iv) 5300 Katrine, LLC (6016); (v) Automated Presort, Inc. (0850); (vi) Avadamma LLC (4775; 4800; 4810; 4829); (vii) Creative Automation Company (4350); (viii) Creative Investments, a General Partnership (5992); (ix) Fulfillment Xcellence, Inc. (3461); (x) Global Card Services, Inc. (4581); (xi) Unique Data Services, Inc. (1068); (xii) Unique Embossing Services, Inc. (1043); (xiii) Unique Mailing Services, Inc. (2594); (xiv) University Subscription Service, Inc. (3669); (xv) Versatile Card Technology, Inc. (5258); (xvi) Veluchamy LLC (3434); and (xvii) Vmark, Inc. (5904).

9

17.     Finally, the Debtors request that the Court enter an order that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted, and not in the jointly-administered case.

18.     Joint administration is generally non-controversial, and courts in this jurisdiction and others routinely order joint administration in multiple related cases. *See, e.g., In re Universal Building Products, Inc., et al.*, No. 10-12453 (MFW) (Bankr. D. Del. 2010); *In re U.S. Concrete, Inc.*, No. 10-11407 (PJW) (Bankr. D. Del. 2010); *In re Stallion Oilfield Services Ltd.*, No. 09-13562 (BLS) (Bankr. D. Del. Oct. 20, 2009); *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009); *In re Masonite Corp.*, Case No. 09-10844 (PJW) (Bankr. D. Del. Mar. 17, 2009); *In re Muzak Holdings, LLC*, No. 09-10422 (KJC) (Bankr. D. Del. Feb. 12, 2009); *In Portola Packaging, Inc.*, No. 08-12001 (CSS) (Bankr. D. Del. Aug. 29, 2008).

## Notice

19.     Notice of this Motion has been given to (a) the Office of the United States Trustee, (b) the secured lenders with security interests in the Debtors' cash, (c) the Debtors' largest thirty (30) unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions, (d) the Office of the United States Attorney for the District of Delaware, and (e) the Internal Revenue Service. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

20.     No prior motion for the relief requested herein has been made to this or any other court.

WM1A 1007879v1 08/14/11

WHEREFORE, the Debtors respectfully request the entry of an order: (a) authorizing the joint administration of the Chapter 11 Cases under the case number assigned to Qualteq, Inc., d/b/a VCT New Jersey, Inc.; (b) requiring that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted; and (c) granting such other and further relief as the Court deems appropriate.

Dated: August 14, 2011

K&L GATES LLP
Harley J. Goldstein
Sven T. Nylen
Matthew E. McClintock
Jeffrey M. Heller
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

-and-

FOX ROTHSCHILD LLP

Jeffrey M. Schlerf (DE Bar No. 3047)
Eric M. Sutty (DE Bar No. 4007)
John H. Strock (DE Bar No. 4965)
L. John Bird (DE Bar No. 5310)
Citizens Bank Center, Suite 1300
919 North Market Street
Wilmington, Delaware 19801
Telephone: (302) 654-7444
Facsimile: (302) 656-8920

*Proposed Co-Counsel for the Debtors and Debtors in Possession*