IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUALTEQ, INC., | ) | Case No. 11-12572 (KJC) |
| d/b/a VCT NEW JERSEY, INC., et al.,[1] | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL IN WHICH AMALGAMATED BANK OF CHICAGO, BURR RIDGE BANK & TRUST, AND INLAND BANK ASSERT SECURITY INTERESTS AND SCHEDULING FINAL HEARING

Upon the motion (the "*Motion*")[2] of the above-captioned debtors and debtors in possession (collectively, the "*Debtors*") for entry of orders pursuant to sections 361 and 363 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"): (1) authorizing the Cash-Encumbered Debtors to use cash collateral; (2) scheduling a final hearing on the Motion; and (3) for other related relief as necessary; notice of the Motion having been provided to the parties set forth in the notice paragraph of the Motion including, without limitation, Oakbrook Financial, Sterling Bank, Amalgamated Bank of Chicago, and Burr Ridge Bank & Trust, and the Court having considered the offers of proof and the statements of counsel; and it appearing to the Court that granting certain limited relief on the terms and conditions herein contained is necessary and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (ii) 1400 Centre Circle, LLC (7091); (iii) 5200 Thatcher, LLC (6991); (iv) 5300 Katrine, LLC (6016); (v) Automated Presort, Inc. (0850); (vi) Avadamma LLC (4775; 4800; 4810; 4829); (vii) Creative Automation Company (4350); (viii) Creative Investments, a General Partnership (5992); (ix) Fulfillment Xcellence, Inc. (3461); (x) Global Card Services, Inc. (4581); (xi) Unique Data Services, Inc. (1068); (xii) Unique Embossing Services, Inc. (1043); (xiii) Unique Mailing Services, Inc. (2594); (xiv) University Subscription Service, Inc. (3669); (xv) Versatile Card Technology, Inc. (5258); (xvi) Veluchamy LLC (3434); and (xvii) Vmark, Inc. (5904).

[2] Capitalized terms not defined herein shall have the meanings provided in the Motion.

essential to enable Versatile Card Technologies, Inc., Fulfillment Xcellence, Inc., Global Card Services, Inc., and Unique Mailing services, Inc. (collectively, the "*Cash-Encumbered Debtors*") to continue to operate their businesses pending a final hearing on the Motion; and it appearing that the lenders to the Cash Encumbered Debtors (Amalgamated Bank of Chicago, Burr Ridge Bank & Trust, and Inland Bank (collectively, the "*Lenders*")) are adequately protected; and good cause appearing therefor, it is HEREBY ORDERED THAT

1. The Court authorizes the Cash-Encumbered Debtors' use of the Cash Collateral pending a final hearing on the Motion for the disbursements set forth in the Budgets, which are attached hereto as follows:

| Exhibit Hereto | Budget |
|---|---|
| A-1 | FXI Budget |
| A-2 | VCT Budget |
| A-3 | GCS Budget |
| A-4 | UMS Budget |

The Cash-Encumbered Debtors are and shall be authorized to use Cash Collateral exclusively for disbursements to the extent and in the amounts set forth in the respective Budgets. Each Cash-Encumbered Debtor may use Cash Collateral in an amount equal to up to 15% more than a particular corresponding "category" in its respective Budget (*e.g.*, "rent," "phone," or "utilities"), measured on a cumulative, weekly basis, provided that Cash Collateral is available. In the event that a Lender consents to the use of its Cash Collateral in a manner or amount which does not conform to the respective Budget (such use of Cash Collateral, a "*Non-Conforming Use*"), the respective Cash-Encumbered Debtor shall be authorized pursuant to this Order to expend Cash Collateral for such Non-Conforming Use without further Court approval.

2. In addition to the Lenders' security interests, liens, rights, and other interests in and with respect to their collateral, as adequate protection for and to secure the payment of an

amount equal to any diminution in the value of their collateral, each Cash-Encumbered Debtor hereby grants to its respective Lenders (and not to any Lender that is not currently in privity with a particular Cash-Encumbered Debtor, *i.e.*, this Order does not authorize any "cross-collateralization") security interests in and liens upon the all personal property assets of the respective Cash-Encumbered Debtor and all hereafter-acquired personal property assets of the Cash-Encumbered Debtor, of any kind or nature, wherever located, and the proceeds, products, rents, and profits thereof, whether arising from Section 552(b) of the Bankruptcy Code or otherwise, (*but not including any causes of action arising under the Bankruptcy Code*), senior to any other security interests, liens, or encumbrances, subject only to, in the following order of priority (a) valid, perfected, and enforceable prepetition liens which are senior to Lenders' respective liens or security interests as of the Petition Date, (b) the payment of the United States Trustee's fees, pursuant to 28 U.S.C. § 1930, (c) the amount of the Debtors' professional fees and disbursements accrued but unpaid as of the date of the termination of the Cash-Encumbered Debtors' use of Cash Collateral.

3. As and when reflected in the Budgets, upon entry of a final order approving the Motion, the Cash-Encumbered Debtors shall transfer sufficient cash in such amounts that would be sufficient to satisfy the professional fees set forth for such week in the Budgets to the K&L Gates Client Trust Account (the "*Professional Fee Account*") to be held in escrow in a segregated account by K&L Gates LLP for the benefit of the Debtors' professionals, to be applied to the allowed fees and disbursements of the Debtors' professionals pursuant to one or more orders of the Court, including any interim compensation procedures approved by the Court. Prior to entry of a final order, such amounts shall be segregated and held in escrow by the Debtors to be transferred to K&L Gates LLP as set forth above upon entry of a final order. Each

payment to the Professional Fee Account made pursuant to this paragraph shall be deemed to be, and treated as if such payment was, a security retainer paid to the applicable Debtors' professional as set forth in the Budgets as of, and *nunc pro tunc* to, the Petition Date, free and clear of all liens, claims, and encumbrances.

4. This Order constitutes an Interim Order pursuant to Bankruptcy Rule 4001(b). A final hearing (the "*Final Hearing*") to consider the Motion and the relief sought therein shall be held on Sept 6, 2011 at 1:30 p.m. in accordance with Rule 4001(c)(2) of the Federal Rules of Bankruptcy Procedure.

5. The notice given by the Debtors of the Interim Hearing was given in accordance with Bankruptcy Rule 4001(c)(2). Within three business days after the Court's entry of this Interim Order, the Debtors shall mail copies of this Interim Order and notice of the Final Hearing to: (i) the Lenders (Amalgamated Bank of Chicago, Burr Ridge Bank & Trust, and Inland Bank); (ii) the United States Trustee; (iii) the Debtors' thirty (30) largest creditors on a consolidated basis; and (iv) known holders of a Lien against any of the Debtors' assets (as set forth in the chart in the First Day Declaration). Any party-in-interest objecting to the relief sought in the Final Order shall submit any such objection in writing and file same with the Court (with a courtesy copy to chambers) and serve (so as to be received) such objection upon counsel to the Debtors and the United States Trustee by Aug 31, 2011 at 4:00 p.m. Should no objections be timely filed by such date(s), a form of order substantially similar hereto shall become a Final Order without further hearing.

6. This Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon entry hereof.

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Wilmington, Delaware
Dated: Aug 16, 2011

_____
United States Bankruptcy Judge