# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| QUALTEQ, INC., | ) Case No. 11-12572 (KJC) |
| d/b/a VCT NEW JERSEY, INC., et al.,[1] | ) |
| | ) Joint Administration Requested |
| Debtors. | ) |

## INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND (B) APPROVING PROCEDURES RELATED THERETO

Upon the Motion (the "*Motion*")[2] of the above-captioned debtors and debtors in possession (collectively, the "*Debtors*") for entry of interim and final orders authorizing the payment of certain prepetition claims of critical vendors (the "*Critical Vendors*"); and it appearing that the relief requested herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of this Motion and opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (ii) 1400 Centre Circle, LLC (7091); (iii) 5200 Thatcher, LLC (6991); (iv) 5300 Katrine, LLC (6016); (v) Automated Presort, Inc. (0850); (vi) Avadamma LLC (4775; 4800; 4810; 4829); (vii) Creative Automation Company (4350); (viii) Creative Investments, a General Partnership (5992); (ix) Fulfillment Xcellence, Inc. (3461); (x) Global Card Services, Inc. (4581); (xi) Unique Data Services, Inc. (1068); (xii) Unique Embossing Services, Inc. (1043); (xiii) Unique Mailing Services, Inc. (2594); (xiv) University Subscription Service, Inc. (3669); (xv) Versatile Card Technology, Inc. (5258); (xvi) Veluchamy LLC (3434); and (xvii) Vmark, Inc. (5904).

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

ORDERED that the Motion is granted on an interim basis; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not directed, in their sole discretion and in the reasonable exercise of their business judgment, to pay, subject to the terms set forth in this Order and the Motion, prepetition Critical Vendor Claims in an aggregate amount not to exceed $1.9 million unless otherwise ordered by the Court; and it is further

ORDERED that the Debtors may, in their sole discretion, declare a Trade Agreement with an individual Critical Vendor to have terminated, together with the other benefits to the Critical Vendor as contained in this Order, on the date the Debtors deliver notice to the Critical Vendor that the Critical Vendor has not complied with the terms and provisions of the Trade Agreement or has failed to continue to provide Customary Trade Terms to the Debtors; and it is further

ORDERED that if a Trade Agreement is terminated as set forth above or a Critical Vendor who has received payment of a prepetition claim later refuses to continue to supply services to the Debtors on Customary Trade Terms during the pendency of these Chapter 11 Cases, the Debtors may, in their discretion, declare that provisional payments made to the Critical Vendor on account of Critical Vendor Claims be deemed to have been in payment of then outstanding postpetition amounts owed to such Critical Vendor without further order of the Court or action by any person or entity. The Debtors may then take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of its Critical Vendor Claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor; and it is further

ORDERED that the execution of a Trade Agreement by the Debtors shall not be declared a waiver of any other cause of action, including avoidance actions that may be held by the Debtors; and it is further

ORDERED that the Debtors' banks and financial institutions (collectively, the "*Banks*") are authorized and directed, when requested by the Debtors, in the Debtors' sole discretion, to receive, process, honor, and pay all checks presented for payment of, and to honor all funds transfer request made by the Debtors related to, amounts due with respect to the Critical Vendor Claims (assuming sufficient funds exist to honor such payment requests); and it is further

ORDERED that a final hearing on the Motion (the "*Final Hearing*") shall be held on Sept 6, 2011; and it is further

ORDERED that if the Debtors determine that the initial Critical Vendor Cap is going to be insufficient, they are authorized to file and serve, no later than seven days prior to the Final Hearing, a notice on the same parties who received service of the Motion seeking to increase the amount of the Critical Vendor Cap, which request and any objections thereto will be considered at the Final Hearing; and it is further

ORDERED that notwithstanding any applicability of Federal Rule of Bankruptcy Procedure 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: Aug 16, 2011

_____
United States Bankruptcy Judge

3