IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUALTEQ, INC., | ) | Case No. 11-12572 (KJC) |
| d/b/a VCT NEW JERSEY, INC., et al.,[1] | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | D.I. 7, 118 |
| | ) | |

### SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL IN WHICH STERLING BANK ASSERTS AN INTEREST AND SCHEDULING FINAL HEARING

Upon the motion (the "*Motion*")[2] of the above-captioned debtors and debtors in possession (collectively, the "*Debtors*") for entry of orders pursuant to sections 361 and 363 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"): (1) authorizing the Cash-Encumbered Debtors to use cash collateral; (2) scheduling a final hearing on the Motion; and (3) for other related relief as necessary; Sterling National Bank ("*Sterling*") not having objected to a limited and interim use of its cash collateral ("*Cash Collateral*") and the Court having considered the statements of counsel; and it appearing to the Court that granting certain limited relief on the terms and conditions herein contained is necessary and essential to enable Qualteq, Inc. ("*VCT-NJ*") to continue to operate its business pending a final hearing on the Motion; and it appearing based on Sterling's lack of objection that, during this interim period, Sterling is adequately

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (ii) 1400 Centre Circle, LLC (7091); (iii) 5200 Thatcher, LLC (6991); (iv) 5300 Katrine, LLC (6016); (v) Automated Presort, Inc. (0850); (vi) Avadamma LLC (4775; 4800; 4810; 4829); (vii) Creative Automation Company (4350); (viii) Creative Investments, a General Partnership (5992); (ix) Fulfillment Xcellence, Inc. (3461); (x) Global Card Services, Inc. (4581); (xi) Unique Data Services, Inc. (1068); (xii) Unique Embossing Services, Inc. (1043); (xiii) Unique Mailing Services, Inc. (2594); (xiv) University Subscription Service, Inc. (3669); (xv) Versatile Card Technology, Inc. (5258); (xvi) Veluchamy LLC (3434); and (xvii) Vmark, Inc. (5904).

protected; and good cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Court authorizes VCT-NJ to use Cash Collateral pending a final hearing on the Motion for the disbursements set forth in the budget (the "*Budget*") attached hereto as Exhibit A-1. VCT-NJ is and shall be authorized to use Cash Collateral exclusively for disbursements to the extent and in the amounts set forth in the Budget. VCT-NJ may use Cash Collateral in an amount equal to up to 10% more than a particular corresponding "category" in the Budget (*e.g.*, "rent," "phone," or "utilities"), measured on a cumulative, weekly basis, provided that Cash Collateral is available. In the event that Sterling consents, in writing, to the use of its Cash Collateral in a manner or amount which does not conform to the Budget (such use of Cash Collateral, a "*Non-Conforming Use*"), VCT-NJ shall be authorized pursuant to this Second Interim Order to expend Cash Collateral for such Non-Conforming Use without further Court approval.

2. In addition to Sterling's security interests, liens, rights, and other interests in and with respect to its collateral, as adequate protection for and to secure the payment of an amount equal to any diminution in the value of its collateral, VCT-NJ hereby grants, solely to Sterling (and not to any Lender that is not currently in privity with VCT-NJ, *i.e.*, this Second Interim Order does not authorize any "cross-collateralization") security interests in and liens upon all the assets of VCT-NJ and all hereafter-acquired assets of VCT-NJ, of any kind or nature, wherever located, and the proceeds, products, rents, and profits thereof, whether arising from Section 552(b) of the Bankruptcy Code or otherwise, (*but not including any causes of action arising under the Bankruptcy Code*), senior to any other security interests, liens, or encumbrances, subject only to, in the following order of priority (a) valid, perfected, and enforceable prepetition

---

[2] Capitalized terms not defined herein shall have the meanings provided in the Motion.

liens which were senior to Sterling's respective liens or security interests as of the Petition Date; (b) valid and enforceable rights of setoff; and (c) the payment of the United States Trustee's fees, pursuant to 28 U.S.C. § 1930.

3. As further adequate protection, (i) all debtor and debtor-in-possession accounts for VCT-NJ shall be kept at Sterling, with the exception that VCT-NJ will maintain a payroll account and an operating account at PNC Bank, with the payroll account funded from the Sterling DIP accounts only to the extent needed to fund VCT-NJ payrolls (VCT-NJ agrees not to transfer any funds into the PNC Bank accounts other than amounts needed to cover payrolls and to transfer any other funds received into such accounts to the Sterling accounts on not less than a weekly basis or at the request of Sterling);[3] (ii) Sterling shall have the right to audit and inspect the books, records and assets of VCT-NJ in accordance with and to the extent provided in the prepetition loan documents entered into by, among others, Sterling and VCT-NJ (the "*Loan Documents*"); (ii) VCT-NJ shall timely deliver to Sterling all reports required to be delivered to Sterling under the Loan Documents; and (iii) beginning on Wednesday, August 24, 2011 no later than 12 noon and every Wednesday at 12 noon thereafter, VCT-NJ shall provide to Sterling an "actual to budget" reconciliation of all inflows and expenses listed in the Budget for the immediately preceding week.

4. VCT-NJ shall not make transfers to any other debtor entity or any non-debtor affiliated entity other than as set forth in the Budget (i.e. payment of "Subcontract –VCT- IL" and "Rent"). Further, notwithstanding anything to the contrary in this or any other order of the

---

[3] Sterling recognizes that VCT-NJ also continues to maintain an operating account, a payroll account, and a money market account at TD Bank, and understands that VCT-NJ will be closing the TD payroll and operating accounts within a week of entry of this order.

Court, including any orders entered by the Court on the first day of this case,[4] VCT-NJ will not make any transfers other than or in excess of those set forth in the Budget.

5. Pending entry of a final cash collateral order and retention orders for Professional Persons the budgeted professional amounts (as described and set forth in the Budget) will be segregated by VCT-NJ but shall not be paid to or specifically set aside for the Professional Persons set forth in the Budget except as expressly provided in such orders. This provision shall be without prejudice to the Debtors' professionals' request that such amounts be carved-out from the lenders' collateral (which issue will be deferred to the final hearing on the Motion) or any of the parties' rights with respect to the retention of professionals or any requests for compensation of fees and expenses submitted by professionals.

---

[4] Agreed Interim Order Authorizing Use of Cash Collateral In Which Oakbrook Financial Asserts an Interest and Scheduling Final Hearing dated 8/16/2011 [D.I. 30];

Interim Order Authorizing Use of Cash Collateral In Which Amalgamated Bank of Chicago, Burr Ridge Bank & Trust, And Inland Bank Assert Security Interests and Scheduling Final Hearing dated 8/16/2011 [D.I. 31];

Order (A) Authorizing the Debtors to Pay Prepetition (I) Sales, Use, and Franchise Taxes, and (II) Tolls, Fees, Licenses, and Other Similar Charges and Assessments, and (B) Authorizing Applicable Banks and Other Financial Institutions to Receive, Process, Honor, and Pay Checks Presented for Payment Related Thereto dated 8/16/2011 [D.I. 32];

Interim Order Pursuant to Sections 105 and 366 of the Bankruptcy Code (I) Determining Utility Providers are Adequately Assured of Future Performance, (II) Enjoining Utility Providers from Altering, Refusing, Discontinuing, or Interfering with Utility Service, and (III) Establishing Procedures for Determining Requests for Additional Adequate Assurance dated 8/16/2011 [D.I. 33];

Order (A) Authorizing but not Directing the Debtors to Pay Certain Prepetition Wages, Benefits and Other Employee-Related Obligations; (B) Authorizing but not Directing the Debtors to Continue Certain Postpetition Wage and Benefit Programs; (C) Authorizing but not Directing the Debtors to Continue to Make Deductions from Employees' Paychecks; and (D) Authorizing Banks and Financial Institutions to Pay All Checks and Electronic Payment Requests Relating to the Foregoing dated 8/16/2011 [D.I. 34];

Interim Order(A) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and (B) Approving Procedures Related Thereto dated 8/16/2011 [D.I. 35];

Order Authorizing the Debtors to Continue to Use Existing Cash Management System dated 8/16/2011 [D.I. 36]

(collectively, the "First Day Orders).

6. This Second Interim Order constitutes an Interim Order pursuant to Bankruptcy Rule 4001(b). A final hearing to consider the Motion and the relief sought therein shall be held on October 6, 2011 at 3:30 p.m. (the "*Final Hearing*") in accordance with Rule 4001(c)(2) of the Federal Rules of Bankruptcy Procedure.

7. The notice given by the Debtors of the Interim Hearing was given in accordance with Bankruptcy Rule 4001(c)(2). Within three business days after the Court's entry of this Second Interim Order, the Debtors shall mail copies of this Second Interim Order and notice of the Final Hearing to: (i) Sterling Bank; (ii) the United States Trustee; (iii) the Debtors' thirty (30) largest creditors on a consolidated basis; and (iv) known holders of a Lien against any of the Debtors' assets (as set forth in the chart in the First Day Declaration). Any party-in-interest objecting to the relief sought in the Final Order shall submit any such objection in writing and file same with the Court and serve (so as to be received) such objection upon counsel to the Debtors and the United States Trustee by no later than 4:00 p.m. on the fifth business day preceding the final hearing. Should no objections be timely filed by such date(s), a form of order substantially similar hereto may become a Final Order without further hearing.

8. This Second Interim Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon entry hereof.

9. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

10. This Second Interim Order shall be without prejudice to Sterling's right to seek additional adequate protection, relief from the automatic stay or any other relief, at or prior to the Final Hearing or any adjournment thereof.

Dated: September 6, 2011
Wilmington, Delaware

_____
United States Bankruptcy Judge