IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| QUALTEQ, INC., <br> d/b/a VCT NEW JERSEY, INC., et al.,[1] <br><br> Debtors. | ) Case No. 11-12572 (KJC) <br> ) Jointly Administered <br> ) **Related to Docket No. 328** |

## OBJECTION OF BURR RIDGE BANK TO MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING SECURED POSTPETITION FINANCING ON A SUPER PRIORITY BASIS PURSUANT TO 11 U.S.C. § 364

Burr Ridge Bank (the 'Burr Ridge'), senior secured lender to two of the captioned debtors (collectively, the 'Debtors'), namely 5300 Katrine, LLC ('Katrine') and Global Card Services, Inc. ('Global Card'), by and though its attorneys, Quarles & Brady LLP and Ciardi Ciardi & Astin, hereby objects to the Debtors' Motion for Order Authorizing Secured Postpetition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364 (Docket No. 328) (the 'Motion') to the extent that the relief requested therein seeks to grant superpriority liens or claims in or against any of Burr Ridge's Collateral (defined below) and respectfully states:

### FACTUAL BACKGROUND

1. Pre-petition, Burr Ridge loaned $3.1 million to Chicago Land Trust Company Trust #8002353858 (the 'Land Trust'). Katrine is the beneficiary of the Land Trust. As security for the repayment of the loan to Katrine, Katrine granted Burr Ridge a first priority mortgage lien

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (ii) 1400 Centre Circle, LLC (7091); (iii) 5200 Thatcher, LLC (6991); (iv) 5300 Katrine, LLC (6016); (v) Anar Real Estate, LLC (9267); (vi) Automated Presort, Inc. (0850); (vii) Avadamma LLC (4775; 4800; 4810; 4829); (viii) Creative Automation Company (4350); (ix) Creative Investments, a General Partnership (5992); (x) Fulfillment Xcellence, Inc. (3461); (xi) Global Card Services, Inc. (4581); (xii) Unique Data Services, Inc. (1068); (xiii) Unique Embossing Services, Inc. (1043); (xiv) Unique Mailing Services, Inc. (2594); (xv) University Subscription Service, Inc. (3669); (xvi) Versatile Card Technology, Inc. (5258); (xvii) Veluchamy LLC (3434); and (xviii) Vmark, Inc. (5904).

and security interest (the 'Mortgage') on the property owned by Katrine, located at 5300 Katrine Ave., Downers Grove, Illinois, 60515 (the 'Property') and a first priority lien on the rents and other proceeds generated from the Property (the ' Katrine Cash Collateral', together with the Mortgage, the 'Katrine Collateral'). The current amount due and owing from Katrine to Burr Ridge on the loan is not less than $3.1 million.

2. Also, pre-petition, Burr Ridge entered into a revolving loan with Global Card whereby Burr Ridge agreed to provide funds to Global Card from time to time as requested by Global Card in an amount not to exceed $1.75 million at any one time. As security for the repayment of the revolving loan to Global Card, Global Card granted Burr Ridge a first priority lien on, *inter alia*, all accounts, contract rights, accounts receivable, and all cash ('Global Card Cash Collateral,' and together with the Katrine Cash Collateral, the 'Cash Collateral') and non-cash proceeds generated by any of the foregoing (collectively, the 'Global Card Collateral' together with the Katrine Collateral, the 'Collateral'). The current amount due and owing from Global Card to Burr Ridge on the revolving loan is not less than $1.7 million.

## PROCEDURAL BACKGROUND

3. On August 14, 2011 (the 'Petition Date'), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have remained in possession and control of their property pursuant to sections 1107 and 1108 of title 11, United States Code (the 'Bankruptcy Code'). The Debtors' cases are being jointly administered.

4. On October 19, 2011, Debtors filed the Motion seeking entry of a final order in the form attached to the Motion (the 'Proposed Order') authorizing certain Debtors (namely Veluchamy, LLC, Qualteq, Inc., and Versatile Card Technologies, Inc.) to obtain a senior

secured superpriority loan in the maximum principal amount of $4,500,000 (the 'DIP Financing') from Sterling National Bank ('Sterling').

5. The Motion and Proposed Order use the defined term 'Debtors' to refer to all captioned debtors and debtors-in-possession and the defined term 'Sterling Loan Debtors' to refer to the specific debtor entities that will borrow the DIP Financing.

6. Paragraph 7, line 4 of the Proposed Order states that in exchange for the DIP Financing, Sterling will receive a superpriority claim that will have 'priority over any and all other administrative claims against the **Debtors**.' This language grants Sterling a superpriority claim in and against Burr Ridge's Collateral which is an event of default under paragraph 15(e) of the agreed final cash collateral orders with Burr Ridge (Docket Nos. 263 and 267) (the 'Cash Collateral Orders').

7. Burr Ridge informed Debtors of this issue and Debtors clarified that the Proposed Order did not intend to give Sterling a superpriority administrative claim in any estate except for the 'Sterling Loan Debtors.' *See* email chain between Debtors' counsel and Burr Ridge's counsel attached hereto as Exhibit 'A'.

8. Debtors also stated that they would revise the Proposed Order to use the word 'Sterling Loan Debtors' rather than 'Debtors' in the sentence of the Proposed Order referenced in paragraph 6 above. *See* Exhibit A.

9. Debtors also committed to replacing the term 'Debtors' with 'Sterling Loan Debtors' at the following locations in the Proposed Order: (1) paragraph 3(b), line 1, '[t]he **Debtors** are authorized to borrow the amount up to the DIP Commitment...'; (2) paragraph 11(c), line 1, 'the **Debtors** are authorized to pay (i) Debtor Professionals' compensation and reimbursement of fees and expenses....' *See* Exhibit A.

3

10. As of the filling of this objection, the Proposed Order has not been revised.

**OBJECTION**

11. Burr Ridge objects to the Motion and the Proposed Order to the extent that they grant superpriority liens or claims to Sterling in or against any of Burr Ridge's Collateral. Further, if the Court enters the Proposed Order in the current form, it will be an event of default under the Cash Collateral Orders and Burr Ridge will exercise its rights upon default thereunder.

12. To the extent that the Debtors file a revised Proposed Order that conforms with the revisions set forth herein, Burr Ridge will withdraw this objection.

**[REST OF THE PAGE LEFT INTENTIONALLY BLANK]**

# CONCLUSION

WHEREFORE, for all of the foregoing reasons, Burr Ridge requests entry of an order consistent with the objections set forth herein and for any further relief the Court finds just and reasonable.

Dated: October 27, 2011  
Wilmington, Delaware

CIARDI CIARDI & ASTIN

*(signature)*

Daniel K. Astin (No. 4068)  
John D. McLaughlin, Jr. (No. 4123)  
Joseph J. McMahon, Jr. (No. 4819)  
919 N. Market Street, Suite 700  
Wilmington, Delaware 19801  
Telephone: (302) 658-1100  
Facsimile: (302) 658-1300  
jmcmahon@ciardilaw.com

-and-

Faye B. Feinstein  
Christopher Combest  
Lauren Nachinson  
QUARLES & BRADY LLP  
300 N. LaSalle Street, Suite 4000  
Chicago, Illinois 60654  
Telephone: (312) 715-5000  
Facsimile: (312) 715-5155  
faye.feinstein@quarles.com  
christopher.combest@quarles.com  
lauren.nachinson@quarles.com

*Counsel to Burr Ridge Bank and Trust*