IN THE UNITED STATES BANKRUPTCY COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>QUALTEQ, INC.,<br>d/b/a VCT NEW JERSEY, INC., *et al.* [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-12572 (KJC)<br><br>(Jointly Administered )<br>Hearing Date: November 3, 2011 at 1:00 p.m.<br>Objections Due: October 27, 2011 at 4:00p.m.<br>RE: Docket Nos. 328, 406 |

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE (I) MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING SECURED POSTPETITION FINANCING ON A SUPER PRIORITY BASIS PURSUANT TO 11 U.S.C. § 364, AND (II) DEBTORS' RESPONSE TO BANK OF AMERICA'S OBJECTION TO MOTION FOR ORDER AUTHORIZING SECURED POSTPETITION FINANCING ON A SUPER PRIORITY BASIS PURSUANT TO 11 U.S.C. § 364**

The Official Committee of Unsecured Creditors (the "Committee") of Qualteq, Inc., d/b/a VCT New Jersey, Inc., *et al.*, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, submits this joinder (the "Joinder") to (i) *Motion of Debtors and Debtors in Possession For Order Authorizing Secured Postpetition Financing on a Super Priority Basis Pursuant to 11 U.S.C. § 364* [Docket No. 328] (the "DIP Motion"), and (ii) *Debtors' Response to Bank of America's* ("B of A") *Objection* (the "B of A Objection") *to Motion for Order Authorizing Secured Postpetition Financing on a Super Priority Basis Pursuant to 11 U.S.C. § 364* [Docket No. 406] (the "DIP Response"). In support

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (ii) 1400 Centre Circle, LLC (7091); (iii) 5200 Thatcher, LLC (6991); (iv) 5300 Katrine, LLC (6016); (v) Anar Real Estate, LLC (9267); (vi) Automated Presort, Inc. (0850); (vii) Avadamma LLC (4775; 4800; 4810; 4829); (viii) Creative Automation Company (4350); (ix) Creative Investments, a General Partnership (5992); (x) Fulfillment Xcellence, Inc. (3461); (xi) Global Card Services, Inc. (4581); (xii) Unique Data Services, Inc. (1068); (xiii) Unique Embossing Services, Inc. (1043); (xiv) Unique Mailing Services, Inc. (2594); (xv) University Subscription Service, Inc. (3669); (xvi) Versatile Card Technology, Inc. (5258); (xvii) Veluchamy LLC (3434); and (xviii) Vmark, Inc. (5904).

of this Joinder, the Committee respectfully states as follows:

## RELEVANT BACKGROUND

1. On August 14, 2011 (the "Petition Date"), each of the above-captioned Debtors except for Debtor Anar Real Estate, LLC ("Anar") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Initial Chapter 11 Cases"). By Order of the Court dated August 16, 2011, the Initial Chapter 11 Cases were consolidated for procedural purposes only and are being jointly administered [Docket No. 28].

2. On August 25, 2011, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee.

3. On September 11, 2011, Anar filed a petition for relief under chapter 11 of the Bankruptcy Code (the "Anar Real Estate Chapter 11 Case" and together with the Initial Chapter 11 Cases, the "Chapter 11 Cases"). On September 13, 2011, this Court ordered the Anar Real Estate Chapter 11 Case to be consolidated with the Initial Debtors' Chapter 11 Cases for procedural purposes only and the Chapter 11 Cases are being jointly administered [Docket No. 172]. The Debtors are functioning as debtors in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

4. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

5. The Debtors filed the DIP Motion on October 19, 2011. Several weeks prior to filing the DIP Motion, the Debtors approached the Committee seeking comments and feedback in regard to the terms of the Final Order Authorizing Secured Postpetition Financing on a Super Priority Basis Pursuant to 11 U.S.C. § 364 and accompanying budget (collectively, the "Final DIP Order"). The Committee provided the Debtors with numerous comments to the terms of the

proposed debtor in possession financing facility (the "DIP Facility") and Final DIP Order. Many of the Committee's suggestions were incorporated into the Final DIP Order.

6. Based upon the Committee's review of the terms of the proposed DIP Facility and the Final DIP Order, and several discussions with the Debtors, the Committee believes that there are compelling economic reasons for the Debtors to enter into the DIP Facility, including, but not limited to: (a) an approximate 5.0% decrease in interest rate from the default rate that would otherwise accrue under the Sterling National Bank ("Sterling") pre-petition financing, (b) no meaningful fees, including a waiver by Sterling of a significant early termination fee, (c) a potentially advantageous modification of the Debtors' pre-petition borrowing base, and (d) under the DIP Facility the Debtors will be able to make loan draws as needed, rather than be forced to sit on, and pay interest on, cash on hand.

7. Finally, the Committee appreciates the practical reasons as to why the Debtors, in their sound business judgment, determined to enter into the DIP Facility. It is only the rare occasion in which a debtor enters into a loan with a secured lender and then just a few weeks later files for chapter 11 protection. It is evident that Sterling could have jeopardized the Debtors' reorganization if it chose to aggressively pursue its "pound of flesh" by availing itself of all potential remedies against the Debtors. However, calmer heads prevailed, and in the exercise of its sound business judgment, Sterling approached the Debtors about entering into the debtor DIP Facility. From the Committee's perspective, the potential distraction to the Debtors' businesses and reorganization efforts that could have been caused by a protracted fight with Sterling over the prepetition loan, would have had a much more deleterious effect on the Debtors' efforts to maximize value for all constituencies than agreeing to enter into DIP Facility, which includes terms beneficial to the Debtors.

8.  Finally, the Committee agrees with the Debtors that B of A lacks standing to file the DIP Response or to participate in the Chapter 11 Cases in any fashion, because B of A is not a party in interest in the Chapter 11 Cases as that term is defined in Bankruptcy Code section 1109(b), and/or is not a creditor (contingent or otherwise) of the Debtors. While B of A may have a pecuniary interest in the Velachamys[2] chapter 7 bankruptcy cases, due to those individual bankruptcy filings, the only party that could potentially assert claims in the Chapter 11 Cases arising out of claims against the Veluchamys would be the Veluchamys' chapter 7 trustee.[3]

9.  For the reasons set forth above, the Committee hereby joins in the Debtors' DIP Motion and DIP Response.

**[remainder of page intentionally blank]**

---

[2] Capitalized terms not defined in this Joinder shall have the meanings ascribed to such terms in the DIP Response.

[3] The Committee adopts all of the Debtors' arguments from the DIP Response concerning B of A's lack of standing. In addition, the Committee intends to file a separate pleading addressing B of A's lack of standing on or before November 4, 2011, in response to *Motion of Bank of America, N.A. to Transfer Venue of These Cases to the United States Bankruptcy Court for the Northern District of Illinois* [Docket Nos. 106, 107 and 320].

## **RELIEF REQUESTED**

WHEREFORE, the Committee respectfully requests that the Bankruptcy Court: (i) grant the Debtors' DIP Motion; (ii) overrule B of A's Objection; and (iii) grant such other and further relief as may be just and proper under the circumstances.

Dated: November 1, 2011

COZEN O'CONNOR

_____
Mark E. Felger (No. 3919)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

- and –

LOWENSTEIN SANDLER PC
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq
Timothy R. Wheeler, Esq.
Eric Chafetz, Esq.
65 Livingston Avenue
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
*Counsel to the Official Committee
of Unsecured Creditors*